**ATLAS GLOBAL GROUP, L.P., Plaintiff–Counter Defendant– Appellant,**

and

**Oscar Robles–Canon, officer with Atlas Global Group; Francisco Llamosa, officer with Atlas Global Group, Counter Defendants–Appellants,**

v.

**GRUPO DATAFLUX, Defendant– Counter Claimant–Appellee.**

No. 01–20245.

United States Court of Appeals, Fifth Circuit.

June 28, 2004.

Roger B. Greenberg (argued), Schwartz, Junell, Campbell & Oathout, Houston, TX, for Atlas Global Group, LP, Robles–Canon and Llamosa.

William Joseph Boyce (argued), Julie H. Tellepsen, Fulbright & Jaworski, Houston, TX, Mark Allen Robertson, Fulbright & Jaworski, New York City, for Grupo Dataflux.

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before EMILIO M. GARZA, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:

On Writ of Certiorari to the United States Court of Appeals for the Fifth Circuit, the United States Supreme Court by an Opinion entered May 17, 2004, in —— U.S. ——, 124 S.Ct. 1920, 158 L.Ed.2d 866, 2004 WL 1085232, 2004 Daily Journal D.A.R. 5878, held that a party's postfiling change in citizenship resulting in complete diversity cannot cure a lack of subject-matter jurisdiction that existed at the time of filing in a diversity action, and therefore reversed the judgment of this Court which had reversed the action of the district court. Accordingly, we vacate the prior decision of this Court (312 F.3d 168) and remand this case to the district court for entry of an order dismissing this case for lack of subject-matter jurisdiction.